**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey Leigh THURBER, Defendant–Appellant.**

**No. 06–10290.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2006 *.

Filed Dec. 27, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

678

Ronald C. Rachow, Esq., USRE—Office of the U.S. Attorney, Reno, NV, Robert L. Ellman, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Fred H. Atcheson, Esq., Reno, NV, for Defendant–Appellant.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jeffrey Leigh Thurber appeals an interlocutory order by the district court deny-

** This disposition is not appropriate for publication and may not be cited to or by the

ing his motion to dismiss his federal indictment on double jeopardy grounds. We dismiss the appeal for lack of jurisdiction.

We review double jeopardy claims de novo. *See United States v. Patterson,* 292 F.3d 615, 622 (9th Cir.2002). As a general rule, denials of pretrial motions are not final and appealable. We recognize an exception to this rule "in the case of a pretrial motion to dismiss based on a claim of double jeopardy." *United States v. Cejas,* 817 F.2d 595, 596 (9th Cir.1987) (citing *Abney v. United States,* 431 U.S. 651, 659, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)). This exception extends, however, only to colorable double jeopardy challenges. *See United States v. Zone,* 403 F.3d 1101, 1104 (9th Cir.2005). A double jeopardy claim is colorable if it has "some possible validity." *United States v. Sarkisian,* 197 F.3d 966, 983 (9th Cir.1999) (citation omitted).

■ Under the test announced in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), double jeopardy is not implicated where "each [statutory] provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. 180. Here, the Nevada Supreme Court has held explicitly that NRS 201.560 requires that "a defendant's intended victim must be less than 16 years of age." *State v. Colosimo,* 142 P.3d 352, 359 (Nev.2006) (internal quotation marks omitted). Conversely, the federal statute, 18 U.S.C. 2422(b), does not require that the intended victim actually be a minor. *See United States v. Meek,* 366 F.3d 705, 717 (9th Cir.2004). Thus, NRS 201.560 contains an element that is not included in the offense prohibited by 18 U.S.C. 2422(b).

courts of this circuit except as provided by Ninth Circuit Rule 36-3.

■ Also, the federal prohibition of transportation for illegal sexual activity and related crimes, as set forth in 18 U.S.C. 2422(b), undoubtedly contains an element that NRS 201.560 does not contain—that a defendant use "the mail or any facility or means of interstate ... commerce" to knowingly lure or attempt to lure a minor for sexual activity. 18 U.S.C. 2422(b); *see also United States v. Stafford,* 831 F.2d 1479, 1482 (9th Cir.1987) (concluding that "the Travel Act has an interstate travel element that [18 U.S.C.] section 1510 does not"). NRS 201.560 does not contain an interstate commerce element. We conclude that under the Supreme Court's *Blockburger* test, the state and federal offenses here involved are separate offenses for double jeopardy purposes. Accordingly, no colorable double jeopardy claim is presented.

**DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.